## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JERETH CAMACHO, derivatively on behalf of
LOCKHEED MARTIN CORPORATION,

      Plaintiff,

  v.

JAMES D. TAICLET, EVAN T. SCOTT, JESUS
MALAVE, DAVID B. BURITT, JOHN M.
DONOVAN, JOSEPH F. DUNFORD, JR., THOMAS
J. FALK, VICKI A. HOLLUB, DEBRA L. REED-
KLAGES, and PATRICIA E. YARRINGTON,

      Defendants,
  and

LOCKHEED MARTIN CORPORATION,

      Nominal Defendant.

Case No. 1:25-cv-03013-MJM

## STIPULATION AND PROPOSED ORDER REGARDING STAY OF PROCEEDINGS

WHEREAS, on September 11, 2025, Plaintiff Jereth Camacho ("Plaintiff") commenced the above-captioned action (the "Action"), derivatively on behalf of Lockheed Martin Corporation ("Lockheed Martin"), against defendants James D. Taiclet, Evan T. Scott, Jesus Malave, David B. Burritt, John M. Donovan, Joseph F. Dunford, Jr., Thomas J. Falk, Vicki A. Hollub, Debra L. Reed-Klages, and Patricia E. Yarrington (together, the "Individual Defendants," and with Lockheed Martin, "Defendants," and with Plaintiff, the "Parties"), alleging violations of §§ 14(a), 10(b), and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), as well as Rule 10b-5 promulgated thereunder, and breaches of fiduciary duties, unjust enrichment, abuse of control, gross mismanagement, and waste of corporate assets under Maryland state law. ECF No. 1. Plaintiff also brings claims under §§ 10(b) and 21D of

the Exchange Act against Defendants James D. Taiclet, Evan T. Scott, and Jesus Malave for contribution. *Id.*;

WHEREAS, an earlier-filed and factually related securities class action, captioned *Khan v. Lockheed Martin Corporation et al*, Case No. 1:25-cv-06197-MMG (the "Securities Class Action"), is currently pending in the United States District Court for the Southern District of New York; and

WHEREAS, based upon the overlapping parties and factual allegations contained in the Securities Class Action and this Action, and to avoid the unnecessary expenditure of judicial resources, the Parties have agreed, subject to this Court's approval, that all proceedings and deadlines in this Action should be stayed until the date that (i) any motion to dismiss the Securities Class Action is granted with prejudice and any appeals therefrom are resolved; or (ii) any Defendant files an answer in the Securities Class Action;

NOW, THEREFORE, subject to the Court's approval, the Parties hereby agree as follows:

1.      Except as provided below, all proceedings, including any motion practice or obligation to respond to any complaint in this Action, are hereby stayed and shall remain stayed until the date that (i) any motion to dismiss the Securities Class Action is granted with prejudice and any appeals therefrom are resolved; or (ii) any defendant files an answer in the Securities Class Action (the "Stay").  Alternatively, the stay may be lifted for good cause shown upon an application by both parties. Additionally, the stay may be lifted by Plaintiff if any Related Derivative Action is not stayed for the same or longer duration as the Action upon Plaintiff providing fourteen (14) days' notice to Defendants via email. For the avoidance of doubt, Plaintiff may not lift the stay if a Related Derivative Action is subject to a pending motion to stay

2

unless a Related Derivative Action is also subject to a pending motion to dismiss (on any grounds other than jurisdiction and venue) in which event either (i) Defendants will not move to dismiss the Action later than they any of the Defendants move to dismiss the Related Derivative Action or (ii) Plaintiff may lift the stay.

2.       The Parties shall meet and confer and submit a proposed scheduling order within thirty (30) days following the lifting of the Stay.

3.       Defendants' counsel shall promptly notify Plaintiff's counsel if any related shareholder derivative actions (a "Related Derivative Action") or threatened derivative actions, including litigation demands (a "Related Demand"), that are based on the Securities Class Action are not stayed for a similar or longer duration than the Stay.

4.       Defendants' counsel shall promptly notify Plaintiff's counsel should they become aware of any shareholder inspection demands that are based on the Securities Class Action.

5.       During the pendency of the Stay, and subject to the prior execution of an appropriate confidentiality agreement and/or protective order that governs Plaintiff's use in this case, the Company shall promptly produce to Plaintiff any books and records produced to any shareholder who made a books-and-records inspection demand regarding allegations arising out of a common nucleus of operative fact as the allegations made in this Action. Plaintiff hereby agrees that all such books and records provided pursuant to this Paragraph shall be deemed incorporated by reference into any future amended or consolidated complaint in this Action if Plaintiff uses or references any such books and records in such a future complaint, and Plaintiff shall not make any argument to the contrary in any motion or otherwise.

6.        During the pendency of the Stay, Defendants shall inform Plaintiff promptly upon the scheduling of any mediation and of any settlement negotiations with the lead plaintiffs

in the Securities Class Action. If a mediation is held with the lead plaintiffs in the Securities Class Action, Defendants shall either: (i) invite Plaintiff to participate in person or remotely in such mediation; or (ii) shall mediate with Plaintiff at or about the same time.  If settlement negotiations are held with lead plaintiffs in the Securities Class Action, Defendants shall either: (i) invite Plaintiff to participate in such settlement negotiations, or (ii) shall engage in settlement negotiations with Plaintiff at or about the same time.  Plaintiff's ability to attend and participate in any mediation or settlement negotiations is contingent on Plaintiff's prior agreement to be bound by any confidentiality agreement or stipulation governing such mediation or settlement negotiations.

7.      During the pendency of the Stay, Defendants shall inform Plaintiff promptly upon the scheduling of any mediation or the entry into settlement negotiations with any other plaintiff in any Related Derivative Action and shall include Plaintiff in any such mediation and in any such settlement negotiations.  Plaintiff's ability to attend and participate in any mediation or such settlement negotiations is contingent on Plaintiff's prior agreement to be bound by any confidentiality agreement or stipulation governing such mediation or such settlement negotiations.

8.      During the pendency of the stay, Plaintiff may amend the complaint, but Defendants shall not be required to respond to any amended complaint during the pendency of the stay.

9.      The Parties shall meet and confer regarding the consolidation of any stockholder derivative action filed in, removed to, or transferred to this Court based on materially the same set of facts alleged in this Action.  In addition, an application for consolidation of such a stockholder derivative action may be made by Plaintiff, and may be ruled on, notwithstanding

the stay, and an application for appointment of leadership for plaintiffs may be made by Plaintiff, and may be ruled on, notwithstanding the stay if such appointment by the Court has not already been made.

10.    All currently scheduled hearings, conferences, and deadlines shall be suspended until the stay of proceedings is lifted and the Court enters a scheduling order.

11.    By entering into this Stipulation, the Parties reserve all of their respective rights, claims, and defenses in this Action, and no part of this Stipulation shall be construed as a waiver of any available rights, claims or defenses.


THE BROWN LAW FIRM, P.C.

By:    */s/ Timothy W. Brown*
        Timothy W. Brown
        767 Third Avenue, Suite 2501
        New York, New York
        Tel.:  (516) 922-5427
        Fax:  (516) 344-6204
        tbrown@thebrownlawfirm.net

*Attorneys for Plaintiff*

5

VENABLE LLP

OF COUNSEL:

By:    */s/ Evan T. Shea*

G. Stewart Webb, Jr. (Maryland Federal Bar No. 00828)

Daniel J. Kramer (*pro hac vice*)
Audra J. Soloway (*pro hac vice forthcoming*)
PAUL, WEISS, RIFKIND,
   WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Tel.:  (212) 373-3000
Fax: (212) 757-3990
dkramer@paulweiss.com
asoloway@paulweiss.com

Evan T. Shea (Maryland Federal Bar No. 28677)
750 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
Tel.:  (410) 528-4649
Fax:  (410) 244-7742
gswebb@venable.com
etshea@venable.com

*Attorneys for Defendants and Nominal Defendant*

   - and -

Matthew D. Stachel (*pro hac vice*)
PAUL, WEISS, RIFKIND,
   WHARTON & GARRISON LLP
1313 North Market Street, Suite 806
Wilmington, Delaware 19801
Tel.:  (302) 655-4410
Fax:  (302-655-4420
mstachel@paulweiss.com

Dated:  December 5, 2025


SO ORDERED

DATED:_____

_____
The Honorable Matthew J. Maddox
United States District Judge